# Ziegler, Appellant, *v.* Lancaster County.

*Public officers—Sheriff—Compensation—Act of March 31, 1876, P. L. 13.*

1. Under the Act of March 31, 1876, P. L. 13, regulating the salaries of county officers and the payment thereof in counties exceeding 150,000 inhabitants, an officer is entitled to be paid his salary for each year out of the fees earned during his term of office, and the act permits the application of the excess of fees in a subsequent year to a deficit in a preceding year.

2. Where there is a deficiency in the payment of the sheriff's salary for a particular year, the county controller may show such deficiency in his report, but he has no power to report that the county owed the sheriff such deficiency, for as a matter of fact the county at the time owes the sheriff nothing. If deficiencies occur in two successive years, but there is an excess in the third year, such excess may be applied to make up the deficiencies of the two previous years; and the sheriff cannot be deprived of the right to such an application of the excess on the theory that the reports of the county controller for the two previous years were conclusive, inasmuch as he had taken no appeal from them. The county controller had no authority to report that the county owed the sheriff anything, and his omission to do so was no ground for an appeal by the sheriff.

Submitted Nov. 11, 1909. Appeal, No. 193, Oct. T., 1909, by plaintiff, from judgment of C. P. Lancaster Co., June T., 1909, No. 60, for plaintiff on case stated in suit of M. T. Ziegler v. Lancaster County. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Judgment modified.

222 ZIEGLER, Appellant, v. LANCASTER COUNTY.

Statement of Facts—Opinion of the Court.    [42 Pa. Superior Ct.

Case stated to determine liability for sheriff's salary.  Before HASSLER, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for plaintiff for $500, and in not entering judgment for him for $1,030.20.

*W. T. Brown* and *W. U. Hensel*, for appellant.—The county controller has no power nor authority, by allowance or disallowance, to fix the legal salary of the sheriff.

*N. Franklin Hall*, county solicitor, for appellee.—It is very clear that the appellant cannot recover in this case for the years of 1906 and 1907, because his accounts having been passed upon by the controller of the county of Lancaster, his reports, being unappealed from, are conclusive: Martin v. Luzerne County, 13 Pa. Dist. Rep. 800; Northampton County v. Herman, 119 Pa. 373.

OPINION BY HENDERSON, J., March 3, 1910:

This case originated in an appeal from the report of the county controller for the year 1908.  A case stated was agreed upon in lieu of the issue provided for by the statute, and this appeal is taken from the judgment of the court on the case stated.  Several issues were involved, the principal one of which related to the payment of the salary of the appellant who was sheriff of the county for the years 1906, 1907 and 1908.  Lancaster county has a population exceeding 150,000 and less than 250,000.  It is, therefore, subject to the Act of March 31, 1876, P. L. 13, regulating the salaries of county officers and the payment thereof in counties exceeding 150,000 inhabitants, and the Act of June 27, 1895, P. L. 403, creating the office of county controller.  The former provides that all salaries fixed thereby shall be paid from the amounts paid into the proper county treasury from the respective offices, after ascertaining and deducting the amount due the deputies and clerks in each office and if there has not been a sufficient sum from fees received and paid in or earned and due by the

county for services rendered to pay the full amount of the salary of any officer holding any of said offices, after deducting the amount due the deputies and clerks, such officer will receive only such proportion of his salary as shall be equal to the aggregate of the net fees received and earned by him as aforesaid during his term of office during such month. The same section further provides, however, that if the fees in any subsequent month or months shall exceed the amount of the expense and salary for such month the deficit of such salary for such preceding month shall be made up from such excess. The sixth section of the latter act makes it the duty of the county controller to make a report to the court of common pleas of the county setting forth all receipts and expenditures of the county for the preceding year in detail, together with a full statement of the financial condition of the county, and the fifteenth section invests the controller with all the duties devolved on county auditors by the act of April 15, 1834, so far as regards county accounts. Pursuant to the authority thus conferred the county controller audited the accounts of the sheriff for the years 1906, 1907 and 1908, and from the report for the last year the appeal was taken. It is agreed in the case stated that for the year 1906, the sheriff received the sum of $5,246.92 as salary, that being the amount of fees collected and paid in by him after deducting the amount due the deputies and clerks in his office. For the year 1907, the amount of fees collected and paid in by him in excess of the amount due the deputies and clerks was $6,191.58, of which amount the controller applied $191.58 on the deficit of his salary for 1906. In 1908 he collected $6,964.20 in excess of payments to deputies and clerks, of which amount the controller expressly awarded him $6,000 as salary and $561.50 to apply on the deficit of his salary for 1906, and the balance of fees, to wit, $402.70, was awarded to the county. No appeal was taken by the sheriff from the report of the controller for the years 1906 and 1907, and the question now is whether he is concluded thereby from demanding that the excess of fees paid in for the year 1908, be applied to the deficit of salary for the years 1906 and 1907. We think it quite clear that under

the act of 1876 an officer is entitled to be paid his salary for each year out of the fees earned during his term of office. The language of the act so declares; and that it is only susceptible to such interpretation is shown in the convincing opinion in Wiegand v. Luzerne County, 7 Kulp, 183, delivered by the president of this court when presiding in Luzerne county. The learned judge of the court below gave the same interpretation to the act, but was led to the conclusion at which he arrived by what we consider to be a misapprehension of the duty of the controller as applied to the subject of officers' salaries under the act of 1876. He held that it was the duty of the county controller to ascertain what amount was due the sheriff for unpaid salary for the years 1906 and 1907, and to report the same to the court, and that as there was no appeal from his report for these years there was in effect an adjudication against the sheriff that no balance of fees was due. The provision of the forty-eighth section of the act of 1834 requiring county auditors to report the balance due from or to the county officers named, including the sheriff, has evident relation to amounts for which the county and the officers named were liable and as to which the reports of the auditors have the effect of a judgment, but we have to do here with a salary fixed by statute, credits upon which are determined by the amount of fees paid in to the county treasurer and that, too, with reference to a salary which may become larger because of an increase of business in a subsequent year of the term. While the statute fixed a maximum amount which the officer could receive as compensation it, at the same time, said he could only receive an amount equal to that which he earned as fees and paid into the treasury. When, therefore, the controller's report for 1906 showed that the sheriff received $5,246.92 it did not follow that the sheriff was then entitled to the difference between that amount and $6,500. That sum was not then due from the county to him. It was in no sense a debt for which the county was liable. If the succeeding years of the term produced a result in fees which would make up the deficit for the preceding year in whole or in part the sheriff would be entitled to such application of the money not

because it was due to him at the time the first controller's
report was filed, but because the act of 1876 authorized the ap-
propriation of a surplus in a succeeding year to a deficit in a
preceding year. It was not the duty of the controller in pre-
senting his report for 1906 to report that the county owed the
sheriff any unpaid salary or that any unpaid salary was due
to that officer, for as the fact then stood nothing was due. All
the sheriff was entitled to for the period that report covered
was what he had earned during the year. If the controller
had reported that there was a balance of unpaid salary due
the sheriff it will hardly be contended that such report would
have charged the county with the payment of the difference
between the maximum salary and the amount of fees paid by
the sheriff. The statute, not the controller, fixes the amount
to which the sheriff is entitled, and the controller having certi-
fied that amount and there being no dispute with reference
thereto that ended the right of the sheriff to demand addi-
tional salary at that time. The controller's report shows not
that the sheriff was paid in full, but the amount which he had
earned for the year and which was, therefore, applicable as
salary. The sheriff could get nothing which he did not pay in,
and the amount paid was not sufficient to cover the salary in
full. He got, however, all he was entitled to at that time.
Clearly, therefore, the controller could not report that any-
thing more was due him. The remedy of any party aggrieved
by the report of the controller is an appeal to the court of
common pleas upon which appeal an issue is formed and a trial
by jury authorized. What ground of appeal did the sheriff
have when the report for the year 1906 was filed? What
issue would be formed in the common pleas and what judg-
ment entered on the trial? Certainly not that the sheriff was
entitled to more than his fees amounted to or that the county
was liable to pay him more than he received. Inasmuch as
the law permits the application of the excess of fees in a sub-
sequent year to a deficit in a preceding year and inasmuch as
there was a deficit in the first and second years of the appel-
lant's term the amount payable to the sheriff could only be
ascertained at the end of his term. Giving to the report of the

controller the full effect of an auditor's report under the act of 1834 we do not find in it any adjudication that there was a settlement in full with the sheriff. The authorities relied on by the appellant are not applicable to the case under consideration. In each of them the adjudication was final, was entered into by the parties and the accounts were the appropriate subjects of a judgment. Here there was a salary fixed by law the amount of which might not be determinable until the end of the official term and which could not, in fact, be ascertained at the times when the preceding reports of the controller were filed. It was the duty of the controller to ascertain the amount of money applicable to the sheriff's compensation and to make report thereof, but we are constrained to hold that such a report has not the effect of a judgment precluding the sheriff from applying the excess of fees collected in the last year of his term to a deficit in the preceding years.

The other questions at issue were well determined by the trial judge, and his discussion of the subjects does not call for restatement or elaboration.

In accordance with the stipulations of the case stated and the foregoing conclusions the appellant is entitled to have the excess of collections over the amount of his salary in 1908 applied to the deficit of his salary in 1906 and 1907, and is also entitled to the amount allowed him by the court for advertising, $66.00.

The judgment is, therefore, modified and judgment is now entered in favor of the plaintiff for $1,030.20, with costs.